# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

JENNIFER COATS,

    Plaintiff,

v.     Case No. 16-CV-233-TCK-TLW

RELIANCE STANDARD LIFE
INSURANCE POLICY,

    Defendant.

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 17).

## I. Factual Background

On April 2, 2012, Plaintiff Jennifer Coats became employed as a staff nurse with Cottage Health Care ("Cottage"). Plaintiff became a participant in Cottage's employee welfare benefit plan (the "Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan includes long-term disability ("LTD") benefits funded by Defendant Reliance Standard Life Insurance Company ("Reliance") through Group Policy No. LSC 97, 200. The Plan provides that Reliance "shall serve as the claims review fiduciary with respect to the insurance policy and the Plan"; shall "determine eligibility for benefits"; and shall make "complete, final and binding decisions on all parties." (AR 18.)

On October 19, 2013, Plaintiff suffered an on-the-job back injury and has not returned to work since that time. Plaintiff submitted a claim for LTD benefits with Reliance on March 24, 2015. By letter dated June 11, 2015, Reliance approved the claim and granted Plaintiff $2,194.96 in monthly LTD benefits.

Believing the award was insufficient, Plaintiff filed an administrative appeal of the adverse benefit determination on December 3, 2015. On January 25, 2016, outside the 45-day deadline in the relevant ERISA regulation, Reliance sent a letter to Plaintiff stating:

> We are required to make a decision within 45 days of the date of your appeal but are allowed an additional 45 days if circumstances do not permit us to make a decision within the initial 45 day time frame. Please allow this letter to serve as notice of our intention to take beyond 45 days to make a final decision on your appeal. As we are still in the process of completing our review, we will be contacting you in the near future with an update or to inform you if additional information will be required.

(AR 187.)

On April 5, 2016, having heard nothing from Reliance regarding her LTD claim,[1] Plaintiff filed the instant case in Tulsa County, alleging underpayment of ERISA benefits and breach of fiduciary duty. Plaintiff alleges that Reliance failed to adjudicate her appeal in accordance with the Plan or applicable law, that the appeal was deemed denied and exhausted, and that her civil action was permissible to recover underpaid amounts. Reliance received process in this case sometime between April 8 and April 11, 2016. On April 20, 2016, Reliance denied the appeal. On April 27, 2016, Reliance removed the case to this Court, and the Court set a briefing schedule governing the preliminary issue of the proper standard of review.

Currently before the Court is Plaintiff's motion for partial summary judgment on the question of the proper standard of review. Based on undisputed facts in the administrative record, Plaintiff contends that Reliance resolved Plaintiff's appeal outside of ERISA's mandated deadlines. According to Plaintiff, this violation negates the "arbitrary and capricious" standard normally applied

---

[1] On March 1, 2016, Reliance inquired about Plaintiff's Social Security Disability claim. However, Plaintiff contends this was unrelated to her LTD claim, and Reliance has not attempted to show otherwise.

2

and results in a de novo standard of review. Reliance does not dispute that its decision was untimely but argues: (1) untimeliness is not a procedural irregularity that alters the standard of review; and, alternatively, (2) a "substantial compliance" exception applies because Plaintiff "was not prejudiced by the timing of the appeal decision." (Resp. to Mot. for Partial Summ. J. 8.)

## II.     Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id*. However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

## III.    Analysis

### A.    Does Untimeliness of Reliance's Decision Alter the Standard of Review?

Because Reliance does not dispute that its decision was untimely, the first question presented is purely legal – whether the untimeliness of its decision alters the arbitrary and capricious standard of review. If a benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, such as the Plan at issue here, a court ordinarily employs a deferential "arbitrary and capricious" standard of review. *LaAsmar v. Phelps Dodge*

*Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Under this standard, the denial of benefits must be affirmed if the administrator's interpretation was reasonable and made in good faith. *Id.*

However, an ERISA plan administrator is not entitled to the arbitrary and capricious standard when there are "procedural irregularities in the administrator's consideration of the benefits claim." *LaAsmar*, 605 F.3d at 797. Under clear and settled Tenth Circuit law, failure to comply with ERISA's regulatory time limits for deciding claims or appeals – as set forth in 29 C.F.R. § 2560-503.1 – constitutes a "procedural irregularity" resulting in de novo review. *Id.* at 796 ("[T]here were 'procedural irregularities' here – MetLife's failure to comply with ERISA-mandated time limits in deciding the LaAsmars' administrative appeal – that require us to apply the same de novo review that would be required if discretion was not vested in MetLife."). The Tenth Circuit has also made clear that a procedural irregularity of untimeliness exists whether the administrator never issues a decisions or merely issues an untimely decision. *Id.* at 798.

In 2009, the Tenth Circuit examined the 2002 amendments to the relevant ERISA regulations and expressly affirmed the above-described rules:

> [W]e are not persuaded by [the] argument that the 2002 amendments to ERISA somehow abrogated the [prior] rule. The 2002 amendments replaced in part the "deemed denied" provision – which permitted a claimant to file suit if the administrator failed to respond to a claim within a certain prescribed period – with the following paragraph:
>
>> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that

4

> the plan has failed to provide a reasonable claims procedure that
> would yield a decision on the merits of the claim.
>
> 29 C.F.R. § 2560.503-1(k)(l) (2002). This change does not alter our conclusion that
> when an administrator violates the statutory deadlines incorporated into the plan,
> *Firestone* deference no longer applies.

*Rasenack ex rel. Tolet v. AIG Life Ins. Co.*, 585 F.3d 1311, 1316 (10th Cir. 2009); *see also LaAsmar*, 605 F.3d at 796. It is therefore well-established Tenth Circuit law that, despite the 2002 regulatory amendments changing "deemed denied" to "deemed to have exhausted," an untimely decision by a plan administrator constitutes a "procedural irregularity" requiring de novo review.

Reliance urges the Court to ignore Tenth Circuit decisions directly on point issued in 2009 and 2010, follow an unpublished Third Circuit decision, and hold that the 2002 amendments alter the above-described scheme. The Court need not spend time explaining its rejection of Reliance's frivolous argument. The Court simply follows Tenth Circuit precedent, as it must, and holds that untimeliness of an administrator's claims decision alters the standard of review from arbitrary and capricious to de novo.

**B.     Has Reliance "Substantially Complied," Such That De Novo Review Is Not Warranted in This Case?**

The Tenth Circuit has recognized a "substantial compliance" exception to cases involving procedural irregularities. *See Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 634 (10th Cir. 2003) (noting that "courts have [] been willing to overlook administrators' failure to meet certain procedural requirements when the administrator has substantially complied with the regulations and the process as a whole fulfills the broader purposes of ERISA and its accompanying regulations").[2]

---

[2] The Tenth Circuit has called the substantial compliance exception into question following the 2002 amendments but has never overruled it. *See LaAsmar*, 605 F.3d at 800 & n.7 ("We need not decide whether that 'substantial compliance' doctrine still applies to the revised regulation at

5

In the context of untimeliness, a plan administrator is in substantial compliance with an ERISA deadline if the delay is both: (1) inconsequential, and (2) in the context of an ongoing, good-faith exchange of information between the administrator and the claimant. *See Rasenack ex rel. Tribolet*, 585 F.3d at 1317.

The Court finds that Reliance's January 25, 2015 letter was insufficient to trigger additional response time because it was itself outside the prescribed time period and failed to identify special circumstances warranting an extension. *See* 29 C.F.R. § 2560-503.1(f)(1) (setting forth requirements for extension notification). Reliance did not provide any argument or evidence disputing Plaintiff's assertion that the January 25 letter was insufficient, or otherwise address its compliance with the relevant regulation. Thus, the Court concludes that Reliance's decision on Plaintiff's December 3, 2015 appeal was due within 45 days, or on January 10, 2015. *See id.* § 2560-503.1(i)(3)(i). Reliance's denial letter sent on April 20, 2015 was 101 days past the 45-day deadline set forth in the relevant regulations. This is not an inconsequential amount of time. Nor has Reliance asserted facts or made any effort to demonstrate that its untimeliness was in the context of an "ongoing, good-faith exchange" with Plaintiff. Therefore, Reliance has not shown "substantial compliance."

**IV.  Conclusion**

Plaintiff's Motion for Partial Summary Judgment (Doc. 17) is GRANTED, and the Court will apply a de novo standard of review. Plaintiff's Motion to Pursue Discovery (Doc. 16), which

---

issue here, 29 C.F.R. § 2560.503-1, because even assuming it does apply, MetLife did not substantially comply here with ERISA's requirement of a timely resolution of an administrative appeal.").

requests permission to conduct discovery under the arbitrary and capricious standard and which was submitted in the alternative to the Motion for Partial Summary Judgment, is DENIED as moot.[3]

The parties are ordered to submit a Joint Status Report setting forth proposed deadlines for the remainder of the case no later than two weeks from the date of this Order.

**SO ORDERED this 27th day of April, 2017.**

_____
**TERENCE KERN**
**United States District Judge**

---

[3] Plaintiff indicated that, if the Court grants the motion for partial summary judgment and applies de novo review, "the whole point of that motion [the motion to pursue discovery] becomes moot." (Mot. for Partial Summ. J. n.1.)