# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER COATS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-233-TCK-tlw |
| | ) |
| RELIANCE STANDARD LIFE INSURANCE POLICY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the parties' Joint Status Report ("JSR") (Doc. 25), which was ordered by the Court following its ruling that it would apply a de novo standard of review based on procedural irregularities in the administrator's consideration of Plaintiff's benefits claim. (*See* 4/27/17 Opinion and Order, Doc. 23).[1] In the JSR, the parties now dispute the procedural rule under which the case should be decided. Plaintiff contends that, because the Court will apply a de novo standard of review, Federal Rule of Civil Procedure 56 ("Rule 56a") "is the appropriate vehicle for resolution of this case." (JSR 3.) Plaintiff proposes a briefing schedule for cross motions for summary judgment. Defendant contends that, even under a de novo standard of review, the case is submitted via opening and response briefs, and that judgment is entered pursuant to Federal Rule of Civil Procedure 54.

This Court uses a standard form "ERISA Scheduling Order," which explains that the Court "does not permit dispositive motions in ERISA administrative review proceedings" and that it instead "rules on the briefing." (*See, e.g.*, ERISA Scheduling Order, Doc. 14.) Footnote 1 to the

---

[1] This Order assumes familiarity with the background and analysis set forth in Doc. 23, and Doc. 23 is incorporated herein by reference.

Court's standard ERISA Scheduling Order explains the rationale for disallowing Rule 56 motions in ERISA administrative review proceedings.[2]

At the original Scheduling Conference, Plaintiff requested opening briefs on the proper standard of review. Thus, the Court ordered a preliminary briefing cycle on the proper standard of review and permitted Plaintiff to file an "Opening Brief on the Standard of Review."[3] The Court agreed that, due to the procedural irregularity of untimeliness of the administrator's decision, it would apply a de novo standard of review rather than the arbitrary and capricious standard of review. The Court ordered a new JSR.

The issue raised by the current JSR is whether application of a de novo – rather than arbitrary and capricious – standard of review somehow nullifies the rationale set forth in the Court's standard ERISA Scheduling Order and renders Rule 56 motions appropriate. The Court holds that, even under a de novo standard of review, summary judgment motions are inapplicable and play no meaningful role in the ERISA administrative review process. Regardless of the standard of review, the Court's evidentiary purview is limited to the administrative record ("AR"). *See Kellogg v.*

---

[2] The Tenth Circuit has not expressly disallowed "summary judgment" briefs or Rule 56 judgments in ERISA administrative review cases. However, it has explained that "[w]here . . . the parties in an ERISA case both move[] for summary judgment and stipulate[] that no trial is necessary, summary judgment is merely a vehicle for deciding the case; the factual determination of eligibility for benefits is decided solely on the administrative record, and the non-moving party is not entitled to the usual inferences in its favor." *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010). Thus, they are "summary judgment" briefs in name only. They are actually briefs akin to appellate briefs that will necessarily result in judgment for one party. Thus, while summary judgment briefs are sometimes used in this circuit, the Court finds they are legally imprecise and prefers the approach required by its standard ERISA Scheduling Order.

[3] Plaintiff styled this brief as a motion for partial summary judgment (*see* Doc. 17), rather than the title outlined by the Court.

*Metro. Life Ins. Co.*, 549 F.3d 818, 828 (10th Cir. 2008) (applying de novo standard of review and explaining that "we may only consider the evidence and arguments that appear in the administrative record" and must consider only "the rationale asserted by the plan administrator in the administrative record"); *see also LaAsmar*, 605 F.3d at 801 (same). It is entirely unhelpful to frame the Court's review of the AR (de novo or otherwise) in terms of summary judgment, which has the purpose of determining whether a "question of fact" exists necessitating trial. Indeed, Plaintiff proposes cross motions for summary judgment, acknowledging that one side will necessarily prevail at the end of this briefing cycle. It is unclear to the Court what Plaintiff gains by a "cross motion for summary judgment" procedure, as opposed to briefing akin to an appellate briefing cycle. Accordingly, the Court concludes that the same rationale for rejecting Rule 56 in ERISA administrative review cases applies regardless of whether the Court's review is de novo or arbitrary and capricious.

The Court rejects the reasoning of *Neumann v. Prudential Insurance Company of America*, 367 F. Supp. 2d 969 (E.D.Va. 2005), as inapplicable in this circuit. *Neumann* reasoned that framing a de novo review in terms of Rule 56 and/or a bench trial were appropriate, at least in part, because "[i]n the Fourth Circuit, district courts conducting a de novo review of benefits decisions have discretion to consider evidence not before the administrator, if exceptional circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefits decision." *Neumann*, 367 F. Supp. 2d at 979. The Court is not aware of any similar allowance in the Tenth Circuit; instead, a de novo review is also limited to the AR. *See Kellogg*, 549 F.3d at 828; *LaAsmar*, 605 F.3d at 801. Plaintiff also relies on *Tinkler v. Level 3 Communications, LLC*, No. 07-CV-0259-CVE-FHM, 2008 WL 199901, at *7 (N.D. Okla. Jan. 22, 2008), because it positively cites *Neumann* as permitting Rule 56 briefs in cases involving de novo review. However, the

3

court's reasoning also implies that Rule 56 would be inapplicable regardless of the "level of deference" applied to the decision. *See Tinkler*, 2008 WL 199901, at *8. The court certainly did not permit Rule 56 briefs in that case, which involved the arbitrary and capricious standard. Thus, the Court gives little weight to the positive citation to *Neumann* in *Tinkler*.

The Court will enter its standard ERISA Scheduling Order, order opening and response briefs, and then issue an Opinion and Order that either affirms or denies Defendant's benefits decision applying a de novo standard of review. The Court will then enter an appealable judgment pursuant to Federal Rule of Civil Procedure 54(a).

**SO ORDERED this 18th day of May, 2017.**

**TERENCE KERN**
**United States District Judge**